**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nat Palaniappan, | No. CV-17-00517-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Gilbert Hospital LLC, *et al.*, | |
| Defendants. | |

At issue is Wesco Insurance Company's ("Movant") Motion to Intervene (Doc. 88, Mot.), to which Plaintiff filed a Response (Doc. 89, Resp.) and Movant replied (Doc. 90, Reply). Defendant Gilbert Hospital did not file a responsive brief, and thus neither takes a position opposing nor supporting the Motion. Defendant Principal Financial Group has previously been dismissed from this action. (Doc. 96.)

**I.  BACKGROUND**

Plaintiff filed suit against his employer, Defendant Gilbert Hospital ("Defendant") claiming breach of fiduciary duty under ERISA. (Doc. 45, Am. Compl.) The Court has summarized the relevant factual background in other Orders, such as the Order granting Defendant Principal Financial Group's Motion to Dismiss (Doc. 96 at 1–3.) The Court will not restate the history behind Plaintiff's claims here.

Movant is the insurance provider for Defendant's parent company. (Mot. at 2.) Pursuant to their insurance policy, Movant retained defense counsel on behalf of Defendant in this matter. (Mot. at 2.) Defendant then filed a Notice of Involuntary Bankruptcy Case

Filing on May 17, 2018. (Doc. 74.) Movant's appointed counsel, Mr. Daniel Garrison, subsequently moved to withdraw from this case pursuant to local Rule of Civil Procedure 83.3(b)(2). (Doc. 76.) The Court granted Mr. Garrison's Motion to Withdraw on June 7, 2018, and set a deadline of July 13, 2018, for Defendant to retain new counsel. (Doc. 79.)

On July 25, 2018, Movant filed a Motion to Intervene, alleging that when Movant attempted to retain new counsel before the Court's deadline, Defendant's receiver refused to cooperate. (Mot. at 2.) Movant alleges that "[t]he receiver indicated it had no interest in a defense unless [Movant] confirmed unreserved coverage for both defense or immunity; otherwise, Plaintiff could obtain judgment and seek a portion of liquidated assets in the receivership proceedings." (Mot. at 2.) Movant now seeks to intervene for two reasons: "(a) to obtain a declaration that the receiver's refusal to consent to defense under reservation is a breach of the cooperation clause [of parties' insurance coverage agreement], or alternatively (b) to protect its interests in the litigation by mounting a defense against claims made by Plaintiff against [Defendant.]" (Mot. at 2.)

## II. LEGAL STANDARD

### A. Intervention as a Matter of Right

Federal Rule of Civil Procedure 24(a) permits intervention as a matter of right on a timely motion. While the Ninth Circuit Court of Appeals construes Rule 24(a) liberally in favor of potential intervenors, the applicant for intervention bears the burden of demonstrating that he has satisfied the elements for intervention. *See Ctr. for Biological Diversity v. U.S. Bureau of Land Mgmt.*, 266 F.R.D. 369, 372 (D. Ariz. 2010); *see also Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006). Applicants are required to satisfy a four-part test for intervention by right:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*United States v. Aerojet Gen. Corp.*, 606 F.3d 1142, 1148 (9th Cir. 2010) (quoting *Cal. ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006)). "Failure to satisfy any one of the requirements is fatal to the application . . . ." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009) (citation omitted). In determining whether the requirements are met, "courts are guided primarily by practical and equitable considerations, and the requirements for intervention are broadly interpreted in favor of intervention." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004).

### B. Permissive Intervention

Federal Rule of Civil Procedure 24(b) governs permissive intervention. An applicant must demonstrate: "'(1) independent grounds for jurisdiction; (2) [that] the motion is timely; and (3) [that] the applicant's claim or defense, and the main action, have a question of law or a question of fact in common.'" *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) (quoting *United States v. City of L.A.*, 288 F.3d 391, 403 (9th Cir. 2002)). Even where those three elements are satisfied, however, the district court retains the discretion to deny permissive intervention. *Id.* (citing *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998)). In exercising its discretion, a court must consider whether intervention will unduly delay or prejudice the original parties and should consider whether the applicant's interests are adequately represented by the existing parties and judicial economy favors intervention. *Venegas v. Skaggs*, 867 F.2d 527, 530-31 (9th Cir. 1998).

## III. ANALYSIS

Movant argues that it meets the criteria for either intervention as a matter of right or permissive intervention. (Mot. at 3.) Plaintiff's Response is difficult to understand, though Movant construes it as an argument that the Motion to Intervene was not timely. (Reply at 1.) Ultimately, the Court need not address the dispute about the timeliness of the Motion because Movant's intervention will be denied on other grounds.

Movant is correct that an insurer whose policy might be affected by litigation brought against its insured typically satisfies the Rule 24(a)(2) requirement of having a "significantly protectable interest relating to the property or transaction which is the subject

of the action." *See Aerojet Gen. Corp.*, 606 F.3d at 1148 (internal citation omitted). But there is a significant exception to this rule which Movant fails to address. When the insurer agrees to defend the insured under a reservation of rights, as Movant has here,[1] the insurer loses its right to intervene except under specific circumstances. *See Travelers Indemnity Co. v. Dingwell*, 884 F.2d 629, 638 (1st Cir. 1989).[2] Intervention as a matter of right becomes unavailable in these circumstances because the insurer's interest in the litigation no longer satisfies the requirement that "[t]he interest must be direct, not contingent." *Id.* (citing *Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 874 (2d Cir. 1984)). "When the insurer offers to defend the insured but reserves the right to deny coverage, . . . the insurer's interest in the liability phase of the proceeding is contingent on the resolution of the coverage issue." *Id.* The insurer's interest is therefore no longer an interest that is "direct, substantial, and legally protectible," as required under Rule 24(a)(2) because it is a contingent—not direct—interest. *Id.* (citing *Flynn v. Hubbard*, 782 F.2d 1084, 1092 (1st Cir. 1986) (Coffin, J., concurring)).

The rationale behind requiring a direct interest on the part of an intervening insurer is that "[a]llowing the insurer to intervene to protect its contingent interest would allow it to interfere with and in effect control the defense. Such intervention would unfairly restrict

---

[1] Insurer "issued a reservation of rights in this matter on July 12, 2017, indicating that most, if not all, claims and damages in this lawsuit are precluded from coverage." (Mot. at 2.) The reservation of rights letter is attached as Exhibit A to Movant's Motion. Defendant refused Movant's offer of substitute counsel after Mr. Garrison withdrew from this case because Defendant's "receiver will not consent to defense under the reservation." (Mot. at 2.)

[2] The seminal case on this issue comes from the First Circuit, and while the Court did not find that the Ninth Circuit has specifically analyzed the issue, district courts within the Circuit align with the First. *See Dave Drilling Envtl. Engineering, Inc. v. Gamblin*, 2015 WL 4051968 at *3 (N.D. Cal. July 2, 2015) (explaining that while the general rule prevents insurers from intervening as of right, "[s]everal courts have found that insurers may intervene in circumstances where they do not seek to litigate to the detriment of the insured, such as when seeking to defend on appeal" or on the question of damages once liability has already been established). The Arizona Supreme Court adopted the same rule as the First Circuit as cited in *Travelers Indemnity Co.* for the proposition that "[a]n insurer that performs the duty to defend but reserves the right to deny the duty to pay should not be allowed to control the conditions of payment," thus permitting an insured to enter into a settlement agreement with a plaintiff without breaching a policy agreement when the insurer has insisted upon a reservation of rights. *United Servs. Auto. Ass'n. v. Morris*, 741 P.2d 246, 252 (Ariz. 1987)).

- 4 -

the insured, who faces the very real risk of an uninsured liability, and grant the insurer 'a double bite at escaping liability.'" *Id.* (citing *United Servs. Auto. Ass'n.*, 741 P.2d at 252). The Court recognizes that in this case, Defendant has entered receivership, the receiver has already stated that Defendant will not mount a defense, and that Plaintiff would therefore have to collect any awarded damages from "a portion of liquidated assets in the receivership proceedings." (Mot. at 2.) That may help alleviate the concern that Movant's intervention would prejudice the insured, as Defendant has indicated that it has no plans to defend against Plaintiff's claims and would likely end up liable for the entire judgment, whether Movant intervenes or not. But the Court remains concerned that allowing Movant to intervene would permit it to steer the defense in a way that gives it "a double bite at escaping liability." *United Servs. Auto. Ass'n.* 741 P.2d at 252.

Movant would no doubt defend against Plaintiff's claims in a way that minimizes its own liability and steers any damages toward those areas not covered by its policy. This not only gives Movant a chance to avoid liability before it litigates the policy requirements with Defendant, but it also unfairly prejudices Plaintiff. If Movant were allowed to direct the defense in a way that seeks to guarantee that only Plaintiff's claims not covered by the policy succeed, Plaintiff would be left to seek his damages from Defendant's receivership proceedings. But on the other hand, if Movant must litigate the terms of its policy with Defendant in a separate proceeding, Plaintiff may recover on claims that are covered by the policy as determined in Movant and Defendant's separate action.

The case law on this matter, which plainly precludes Movant from intervening as a matter of right in the defense against Plaintiff's claims, is less clear on whether the Court may grant permissive intervention under Rule 24(b). But having stated its concerns above, the Court cannot be sure that intervention will not prejudice the existing parties, and thus denies Movant's Motion under Rule 24(b). *See Venegas* 867 F.2d at 530–31. Further, Movant will not be left without a remedy upon denial of its Motion to Intervene. Movant is still free to seek a declaration in a separate action that Defendant's refusal to defend constitutes a breach of the policy agreement.

## IV. CONCLUSION

Because Movant offered to defend under a reservation of rights, which Defendant refused, Movant may not intervene in this matter under Rule 24(a)(2) or 24(b). To do so would potentially prejudice both Defendant and Plaintiff and would give Movant two attempts at litigating the matter of its own liability. The Court will thus deny the Motion to Intervene.

**IT IS THEREFORE ORDERED** denying Intervenor Wesco Insurance Co.'s Motion to Intervene (Doc. 88.)

Dated this 28th day of March, 2019.

Honorable John J. Tuchi
United States District Judge