**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nat Palaniappan, | No. CV-17-00517-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Gilbert Hospital LLC, *et al.*, | |
| Defendants. | |

At issue is Plaintiff Nat Palaniappan's Motion for Reconsideration (Doc. 99, Mot.). Plaintiff seeks reconsideration of the Court's September 4, 2018 Order (Doc. 96, Sept. 4 Order) granting Defendant Principal Financial Group's ("PFG") Motion to Dismiss (Doc. 51).

The Court has discretion to reconsider and vacate a prior order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994). Motions for reconsideration are generally disfavored, however, and should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Reconsideration is only appropriate if: (1) the court is presented with newly discovered, previously unavailable evidence; (2) the court committed a clear error of law and the initial decision was manifestly unjust; or (3) there has been an intervening change in controlling law. *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Plaintiff's Motion does not present newly discovered evidence or argue that the controlling law has since changed. *See id.* Thus, the Court presumes that Plaintiff seeks

reconsideration based on the grounds that the Court's September 4 Order constituted clear error or was otherwise "manifestly unjust." *Id.* Plaintiff's Motion provides little argument as to why this may be true but contends repeatedly that the Court must "[reconsider] [*sic*] its definition of [PFG] as Fiduciary." (Mot. at 2.)

In its September 4 Order, the Court explained that in order "to survive a motion to dismiss, a plaintiff must plead facts demonstrating that the defendant was acting as fiduciary when taking the action purported to be a breach." (Sept. 4 Order at 5 (citing *Pegram v. Herdrich*, 530 U.S. 211, 225 (2000)).) And while Plaintiff continues to allege that PFG acted in a fiduciary role, an ERISA action will be sustained only if the defendant was acting as a fiduciary at the time it undertook the specific actions purported to be a breach.

In his Motion for Reconsideration, Plaintiff has not provided any new argument that his Complaint sufficiently alleges that PFG acted in a fiduciary context during the adjudication of Defendant Gilbert's bankruptcy plan. Nor does Plaintiff adequately allege that PFG exercised discretionary authority over Plaintiff's enrollment in the 409A plan. In fact, Plaintiff still does not argue that it was PFG who selected him for enrollment in the 409A plan, only that PFG "[was] the Trustee of the Plan" and "had broad authority." (Mot. at 2.) The Court explained in its September 4 Order that such conclusory allegations do not "confer upon [PFG] a blanket designation as a fiduciary." (Sept. 4 Order at 6.) In short, Plaintiff provides no grounds to conclude that the Court's September 4 Order constitutes clear error or a manifest injustice.

**IT IS THEREFORE ORDERED** denying Plaintiff's Motion for Reconsideration (Doc. 99).

Dated this 11th day of June, 2019.

Honorable John J. Tuchi
United States District Judge