**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nat Palaniappan, | No. CV-17-00517-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Gilbert Hospital LLC, *et al.*, | |
| Defendants. | |

In August 2019 the Court granted Plaintiff's Motion for Judgment on the Pleadings on his breach of fiduciary duties claims under ERISA. (Doc. 108.)[1] Pursuant to that Order, Plaintiff filed a detailed accounting of damages supported by several spreadsheets. (Doc. 111.) On April 16, 2020, the Court held a lengthy hearing at which it questioned Plaintiff about his submitted accounting and supporting documentation exhaustively, and nearly line by line, to satisfy itself that 1) the Court understood the reasoning and methodology supporting all damages claims; and 2) the calculations were sound and all assumptions about tax treatment and present value discount factors were sound and reasonable. Defendant did not participate in the hearing although notice was provided.

---

[1] Defendant field for bankruptcy in May of 2018. That bankruptcy proceeding was concluded the following month in June of 2018, and any stay of proceedings not extinguished by the bankruptcy was then lifted. Plaintiff represented to the Court in multiple instances that his claims arise from the actions Defendant took in the bankruptcy, and Defendant has never appeared, as was its obligation, to refute those assertions or to argue that bankruptcy proceedings extinguished Plaintiff's ERISA claims. The Court accordingly granted Plaintiff's Motion for Judgment on the Pleadings. (Doc. 108.)

Plaintiff sets forth four components of damages: 1) negative tax consequences--$298,529; 2) valuation of claim loss--$226,709; 3) courts costs--$16,941; and 4) IRS refund--$72, 231. The Court addresses each component below.

Plaintiff's first component of claimed damages is $298,529 for the loss he claims he suffered as a result of the negative tax consequences of Defendant's misreporting to the IRS associated with his retirement fund. As Plaintiff set forth, when Defendant liquidated his original qualified retirement account, rather than reporting to the IRS that it had rolled the funds over into another retirement account, Defendant reported the transfer as a lump sum payout of regular income, for which significant tax liability was immediately assessed, and which assessment would have a cumulative effect for the remainder of Plaintiff's life. As demonstrated to the Court's satisfaction in Doc. 111, and as clarified by Plaintiff at the April 16 telephonic hearing, that loss to Plaintiff is correctly calculated at $298,529, and the Court will award that component of Plaintiff's claimed damages in full.

Next, Plaintiff claims $226,709 for the additional loss he suffered when Defendant moved his retirement account from a 401k to a 409a plan, for which Plaintiff did not qualify and which move was not permitted. As a result of the unauthorized shift of funds, Plaintiff's retirement account suffered significantly worse performance than had the funds remained in the 401k in which he was qualified to participate. Plaintiff's damage figures here depend in part on assumptions regarding future market and investment performances and discount rates to reduce future earnings to present value, but the Court finds the assumptions set forth in Plaintiff's spreadsheets are reasonable. It will award the full amount of $226,709 for the second component of damages claimed.

Plaintiff next seeks $16,941 in what he terms "court costs." This aggregate figure includes line items for attorney fees, document preparation costs, logistics such as printing, paper, copying, travel and parking, accountant fees and financial advisor fees. Plaintiff never had an attorney appear in this matter for him, so attorney fees are not properly assessed in this matter. And his costs of preparing his filings and traveling to file them or appear at hearings are not are similarly not compensable—if legal authority supports such

as an element of damages, the Court is unaware of it and Plaintiff has cited none. Similarly, Plaintiff cites no authority for assessment of his accountancy and financial advisor fees as damages. The Court will not award the $16,941 Plaintiff seeks in court costs.

Finally, Plaintiff seeks an order from the Court directing the IRS to refund $72,231 wrongly paid to it when Defendant shifted Plaintiff's retirement funds from the 401k to the 409a account. But the Court has jurisdiction over only the parties in this matter, and the IRS is not a party. The Court cannot compel IRS to take any action in this matter. Moreover, and importantly, to so order would constitute double counting of damages in the matter. During questioning at the April 16 hearing, Plaintiff clarified that the $72,231 he seeks to have the IRS return is a component of the $226,709 that he lost as a result of Defendant's unlawful transfer of his funds from a 401k account to a 409a account. The Court already has accounted for and awarded Plaintiff that sum above, in the judgment against Defendant.

**IT IS ORDERED** granting Plaintiff Judgment on the Pleadings in this matter against Defendant, and Defendant alone, in the amount of $525,238.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment for Plaintiff and against Defendant in that amount and to terminate this matter.

Dated this 20th day of April, 2020.

Honorable John J. Tuchi
United States District Judge